**HOLYOKE WATER POWER CO. v. AMER-ICAN WRITING PAPER CO., Inc.**

No. 4000.

District Court, D. Massachusetts.

June 19, 1936.

894

Bentley W. Warren, Howard Stockton, Jr., and Warren, Garfield, Whiteside & Lamson, all of Boston, Mass., Nathan P. Avery, James M. Healy, Avery, Gaylord, Healy & Button, all of Holyoke, Mass., and Samuel Williston, of Cambridge, Mass., for plaintiff.

Russell L. Davenport, of Holyoke, Mass., and Choate, Hall & Stewart and Claude R. Branch, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This equity suit was heard on June 18, 1936, upon the exceptions of each of the parties to the master's report, which consists of the original report and three supplemental reports, and upon the matter of a final decree.

The complainant seeks an injunction against the use by the defendant of water for processing and other nonpower purposes, and damages represented by the value of water used for such purposes for the six years prior to the filing of the bill of complaint.

█ Little difficulty is presented so far as the complainant's right to recover damages is concerned. The complainant virtually conceded at the oral argument that no tort was involved in the use of water by the respondent, and that the master's report furnishes no basis for finding an express or implied contract on the respondent's part to pay for processing water. On the contrary, the complainant knew that the water was being used by the respondent for processing purposes, and no charge or claim therefor was presented or contemplated, and no intent, secret or disclosed, on the part of the complainant to charge therefor existed.

█ The question whether the plaintiff is entitled to an injunction presents greater difficulty. The facts bearing upon both the right to an injunction and the right to damages are as set forth in the master's report and supplemental reports. In the light of Equity Rule 70½, 28 U.S.C.A. following section 723, the master's findings of fact are adopted and are incorporated herein by reference. These findings include, of course, not only such as appear at length in the reports, but also such other requested findings of fact as were granted by the master.

The complainant's exceptions and the respondent's exceptions to the master's report are overruled, and the master's report is confirmed. A decree to this effect is to be entered. Accordingly, a decree dismissing the bill of complaint is also to be entered.